UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CAT IRON, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>BODINE ENVIRONMENTAL SERVICES, )<br>INC., )<br>)<br>Defendant. ) | Case No. 10-CV-2102 |

**OPINION**

Defendant, Bodine Environmental Services, Inc., filed this Motion for Partial Judgment on the Pleadings and Motion for Dismissal for Lack of Jurisdiction (#13) on August 18, 2010. Plaintiff, Cat Iron Inc., filed its Response (#17) on September 1, 2010. For the following reasons, Defendant's Motion (#13) is DENIED.

BACKGROUND

Plaintiff filed its Amended Complaint (#11) on August 4, 2010. In the Amended Complaint, Plaintiff alleged the following:

Plaintiff and Defendant entered into a contract whereby Defendant would inspect one of Plaintiff's facilities for asbestos and issue a written report to Plaintiff. Defendant, an Illinois corporation, submitted a proposal for a complete National Emission Standards for Hazardous Air Pollutants (NESHAPS) asbestos inspection and comprehensive report of the findings of the inspection of the Intermet Facility in Decatur, Illinois, with the cost not to exceed $6,100.00. On May 30, 2008, Robb Davis, on behalf of Plaintiff, a Pennsylvania corporation, accepted and signed

the proposal. On July 7, 2008, Defendant sent its asbestos inspection report to Plaintiff and billed Plaintiff for the asbestos inspection, sampling, and written report. Plaintiff alleges that Defendant failed to identify several asbestos containing materials at the Intermet facility. Plaintiff alleges Defendant failed to fully perform its part of the contract made on May 30, 2008, with Plaintiff. Plaintiff alleges damages in excess of $75,000 on each of the four counts contained in its First Amended Complaint: (1) breach of contract; (2) breach of express warranty; (3) negligence (and in the alternative Plaintiff plead that Defendant was guilty of willful and wanton acts or omissions, such as intentionally or with conscious disregard failing to identify several asbestos containing materials); and (4) negligent misrepresentation.

Defendant filed its Answer, Affirmative Defenses, and Counterclaim to Plaintiff's First Amended Complaint (#15) on August 18, 2010. Defendant plead three affirmative defenses: (1) any damages Plaintiff can recover are limited by the limitation of liability clause set forth in the parties' contract attached to the Amended Complaint; (2) under the parties' contract, the Plaintiff discharged and released Defendant from any damage in excess of Defendant's compensation for the work ($6,100 under the contract, although Defendant was only paid $6,080 by Plaintiff); and (3) the district court lacks subject matter jurisdiction because the parties' contract limits the Plaintiff's damages to an amount below the amount in controversy requirement for diversity jurisdiction.

Item 5 of the Standard Terms and Conditions in the parties' contract states:

"**Item 5. Limitations of Liability.** The CLIENT [Plaintiff Cat Iron, Inc.] agrees to limit Bodine's liability to the CLIENT and all parties claiming through the client or otherwise claiming reliance on Bodine's services, allegedly arising from Bodine's professional acts or errors or omissions, to a sum not to exceed Bodine's fees for the services performed on the project, provided

that such claims are not attributable to Bodine's gross negligence or intentional misconduct. In this latter event, the limit of liability will be increased to $25,000 less any applicable insurance amount covering alleged damages or claims. In no event shall Bodine or any other party to this agreement, including parties which may have claim to have a direct or indirect reliance on Bodine's services, be liable to the other parties for incidental, indirect or consequential damages arising from any cause."

Defendant filed this Motion for Partial Judgment on the Pleadings and Motion for Dismissal for Lack of Jurisdiction (#13) on August 18, 2010. In its Motion, Defendant argues that the contract in question explicitly limits Plaintiff's claim for damages to $6,100. At most, under the willful and wanton provision, damages would be $25,000 less any applicable insurance amount covering alleged damages or claims. As the maximum amount of damages recoverable under the contract does not exceed the $75,000 threshold required for diversity jurisdiction in federal court, Defendant argues that the case should be dismissed with prejudice for lack of subject matter jurisdiction.

Plaintiff filed its Response (#17) on September 1, 2010. In its Response, Plaintiff argues that the exculpatory clause should not be upheld in a case of willful and wanton or reckless misconduct, which Plaintiff alleged in an alternative pleading in its Count III negligence claim. Plaintiff argues that the reckless misconduct caused it damages in excess of the $75,000 jurisdictional requirement. Further, Plaintiff claims the exculpatory clause is invalid as a matter of Illinois public policy, as both the state and federal government have expressed in interest asbestos related matters, especially the demolition of asbestos laden buildings.

ANALYSIS

Rule 12(c) of the Federal Rules of Civil Procedure states:

"After the pleadings are closed — but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

In deciding a motion under Rule 12(c) the court accepts the facts in the light most favorable to the plaintiff. McCann v. Neilsen, 466 F.3d 619, 622 (7th Cir. 2006). Resolution of the case is appropriate only if it appears beyond doubt that the plaintiff cannot prove any facts that would support their claim for relief. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000).

Defendant argues that judgment on the pleading is warranted because, as this is a diversity case, the amount in controversy must exceed $75,000, which Defendant argues is impossible under the exculpatory clause. If the $75,000 threshold cannot be met, then the case must be dismissed for lack of subject matter jurisdiction. Thus, the crucial issue for the court to consider is whether the damages limitation clause applies to limit damages to, at most, $25,000, or whether Illinois law invalidates the clause when it comes to willful and wanton or reckless misconduct or cases involving asbestos. If the $75,000 cannot be met, then the case must be dismissed for lack of subject matter jurisdiction.

**Is the Damages Limitation Clause Valid?**

Both parties agreed in the contract that its interpretation would be governed by the laws of the State of Illinois, so Illinois case law will govern the court's analysis in determining whether the damages limitation clause is valid.[1] Illinois public policy strongly favors the freedom to contract. Harris v. Walker, 519 N.E.2d 917, 919 (Ill. 1998). Illinois Supreme Court decisions "have consistently reflected a judicial concern with balancing the need to respect the right to freely

---

[1] The last paragraph of the contract states "This Agreement shall be construed, interpreted, and governed by the laws of the State of Illinois."

contract with the need to protect parties from unfair provisions in contracts involving publicly regulated activities." McClure Engineering Associates, Inc. v. Reuben H. Donnelly Corp., 447 N.E.2d 400, 402 (Ill. 1983). "However, in the nonregulated areas the decisions" of the Illinois Supreme Court "and those of other jurisdictions reflect a widespread policy of permitting competent parties to contractually allocate business risks as they see fit." McClure, 447 N.E.2d at 402-03. Courts in Illinois generally do not interfere with contracts to which parties have agreed unless there is a defect in negotiations, such as disparity in bargaining power, absence of meaningful choice on the part of one party, and the existence of fraud, duress, or mistake. Dana Point Condominium Association, Inc. v. Keystone Services Co., 491 N.E.2d 63, 66 (Ill. App. Ct. 1986). Absent those defects, courts will generally enforce a contract as written. Dana Point, 491 N.E.2d at 66.

"Barring fraud or wanton or wanton and willful negligence" exculpatory clauses are "valid and enforceable 'unless: (1) there is substantial disparity in the bargaining position of the two parties; (2) to uphold the exculpatory clause would be violative of the public policy; or (3) there is something in the social relationship between the two parties that would militate against upholding the clause." Oelze v. Score Sports Venture, LLC, 927 N.E.2d 137, 144 (Ill. App. Ct. 2010), quoting Garrison v. Combined Fitness Center, Ltd., 559 N.E.2d 187, 189-90 (Ill. App. Ct. 1990). See also Masciola v. Chicago Metropolitan Ski Counsel, 628 N.E.2d 1067, 1071 (Ill. App. Ct. 1993) ("Exculpatory clauses will be upheld in the absence of fraud; willful and wanton conduct; legislation to the contrary; where the exculpatory clause is not contrary to the settled public policy of this State; where there is no substantial disparity in the bargaining position of the parties; and where there is

-5-

nothing in the social relationship of the parties which militates against upholding the agreement.").

Willful and wanton acts are those that show an actual or deliberate intent to harm or, if not intentional, an utter indifference to or conscious disregard for a person's own safety or the safety of others. Oelze, 927 N.E.2d at 148. Noninentional willful or wanton conduct is committed under circumstances showing a reckless disregard for the safety of others, such as, for example, when a party fails, after knowledge of impending danger, to exercise ordinary care to prevent the danger, or fails to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care. Oelze, 927 N.E.2d at 148-49. Whether conduct amounts to willful or wanton conduct is usually a question for the jury. Oelze, 927 N.E.2d at 149.

Here, the damages limitation clause would on its face appear to be valid. Both of the parties involved are sophisticated corporate entities, so there is no disparity in bargaining power, and there is no evidence of a fraud. Oelze, 927 N.E.2d at 144; Dana Point, 491 N.E.2d at 66. However, Plaintiff has argued that the exculpatory clause on damages limitation should not be upheld in a case of willful and wanton or reckless misconduct, which Plaintiff alleged in an alternative pleading in its Count III negligence claim.

In Count III of the Amended Complaint, Plaintiff clearly plead, in the alternative to standard negligence, that Defendant, in a willful and wanton manner, intentionally or with conscious disregard failed to identify and report several asbestos containing materials to Plaintiff. Accepting these facts in a light most favorable to Plaintiff, as the court must do at this stage of the proceedings, the court finds that Plaintiff has successfully plead willful and wanton conduct. See McCann, 466

F.3d at 622. Under Illinois law an exculpatory clause is not valid as it concerns willful and wanton conduct. Oelze, 927 N.E.2d at 144; Masciola, 628 N.E.2d at 1071. Thus, Plaintiff has adequately argued, at this stage of the proceedings, that the damages limitation clause as it applies to willful and wanton misconduct in limiting gross negligence or intentional misconduct claims to $25,000 is invalid. Therefore, as Plaintiff has plead that the alleged reckless conduct in Count III caused damage in excess of $75,000, the court finds the jurisdictional requirement has been met. Defendant's Motion for Partial Judgment on the Pleadings and Motion for Dismissal for Lack of Jurisdiction (#13) is DENIED.

IT IS THEREFORE ORDERED:

(1) Defendant's Motion for Partial Judgment on the Pleadings and Motion for Dismissal for Lack of Jurisdiction (#13) is DENIED.

(2) This case is referred to Magistrate Judge David G. Bernthal for further proceedings in accordance with this order.

ENTERED this 28th day of September, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE